IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02756-WJM-NYW

OSCAR LUCIO-VASQUEZ,

    Plaintiff,

v.

THE CITY OF AURORA,
JOSEPH CARNS, in his individual and official capacity,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This case is before the court on Defendants the City of Aurora (the "City") and Joseph Carns's ("Officer Carns" or "Defendant Carns" and, together with the City, "Defendants") Joint Motion to Stay Discovery Pending Ruling on Qualified Immunity ("Motion to Stay" or "Motion"), [Doc. 53, filed April 29, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 15, 2021, [Doc. 14], and the Memorandum dated April 29, 2022, [Doc. 54]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it. For the following reasons, the Motion to Stay is **GRANTED**.

## BACKGROUND

    Plaintiff Oscar Lucio-Vasquez ("Mr. Lucio-Vasquez" or "Plaintiff") initiated this action on October 13, 2021, by filing a Complaint and Jury Demand ("Complaint"). *See* [Doc. 1]. Mr. Lucio-Vasquez filed the operative Amended Complaint and Jury Demand ("First Amended Complaint") on March 10, 2022. *See* [Doc. 44]. Therein, Mr. Lucio-Vasquez alleges that, on

October 20, 2019, while holding a rifle, he was shot multiple times by Defendant Carns, despite that Plaintiff "did not present any immediate danger to the officer or others" at the time. *See* [*id.* at ¶¶ 7–25]; *see also* [*id.* at ¶ 64]. Plaintiff alleges "Officer Carns opened fired on Mr. Lucio-Vasquez before ever giving Mr. Lucio-Vasquez a fair chance to drop his weapon" and, in doing so, violated his constitutional rights by using deadly force without justification. *See* [*id.* at ¶¶ 25, 58–62]. He also alleges that Officer Carns failed to provide "a clear verbal warning of the intent to shoot or sufficient time for the warning to be observed by the Plaintiff." [*Id.* at ¶ 63]. In the First Amended Complaint, Plaintiff asserts two causes of action arising under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Fourteenth Amendment rights. [*Id.* at ¶¶ 57–87]. Plaintiff's first claim is against Defendant Carns, in his official and individual capacities, for excessive force; and his second claim is against the City for failure to train and supervise. [*Id.*]. Plaintiff seeks compensatory relief as well as punitive damages. *See* [*id.* at 18].

       The undersigned held a Scheduling Conference in this case on January 5, 2022. *See* [Doc. 17; Doc. 19; Doc. 20]. On March 4, 2022, Plaintiff filed an Unopposed Motion to Amend the Complaint ("Motion to Amend"). *See* [Doc. 37]. On March 9, 2022, the court granted the Motion to Amend, *see* [Doc. 43], and the operative First Amended Complaint was filed the next day, *see* [Doc. 44]. On March 24, 2022, Defendant Carns, in his individual capacity, filed a Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand (ECF 44) Pursuant to Fed. R. Civ. P. 12(b)(6) ("Carns Motion to Dismiss"). *See* [Doc. 46]. On April 6, 2022, the City and Defendant Carns in his official capacity (collectively, "Aurora Defendants") filed the Aurora Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand [ECF 44] ("Aurora Defendants' Motion to Dismiss"). *See* [Doc. 48].

2

In the Carns Motion to Dismiss, Officer Carns seeks to dismiss Plaintiff's first claim on the basis that Plaintiff fails to allege that Officer Carns violated his constitutional rights or that Officer Carns's conduct was clearly established and, therefore, Officer Carns is entitled to qualified immunity. *See* [Doc. 46 at 8]. In the Aurora Defendants' Motion to Dismiss, the Aurora Defendants argue that Plaintiff's claims against the City should be dismissed because there is no underlying violation by Officer Carns; the claims against Officer Carns in his official capacity should be dismissed as redundant of the claim against the City; and the claims against the City should be dismissed because the Amended Complaint fails to adequately allege facts to support municipal liability. *See* [Doc. 48].

Plaintiff responded to the Carns Motion to Dismiss on April 14, 2022, *see* [Doc. 49], and responded to the Aurora Defendants' Motion to Dismiss on April 26, 2022, *see* [Doc. 51]. Defendant Carns replied on April 27, 2022, [Doc. 52], and the Aurora Defendants replied on May 10, 2022, [Doc. 56]. On April 29, 2022, Defendants jointly filed the instant Motion to Stay, seeking to stay discovery pending the court's ruling on the issue of qualified immunity in the Carns Motion to Dismiss. *See* [Doc. 53]. Plaintiff responded to the Motion to Stay on May 13, 2022, [Doc. 57], and Defendants replied on May 20, 2022. *See* [Doc. 58 ("Reply")]. These Motions to Dismiss remain pending before the presiding judge, the Honorable William J. Martinez. The court thus considers the Parties' arguments regarding a stay below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1

3

(D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *See Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## ANALYSIS

In the Motion, Defendants argue that "the decision on invocation of qualified immunity in this case would be critical and dispositive as to Officer Carns' Motion to Dismiss . . . and also the City's Motion to Dismiss . . . ." [Doc. 53 at 7]. Specifically, Defendants assert that "if this [c]ourt grants Officer Carns qualified immunity and finds that Officer Carns did not violate Plaintiff's constitutional rights, Plaintiff's failure to train and supervise claim fails automatically." [*Id.*]. Defendants represent that "[i]t would be the City's position that Plaintiff's Complaint fails to allege the City's liability under the 'single incident' theory outlined in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)" and "[i]f this [c]ourt finds that Officer Carns did not commit a constitutional violation and Plaintiff failed to allege *Monell* liability based on the single incident

4

theory of liability, it effectively bars Plaintiff's *Monell* claim against the City as it cannot be amended." [*Id.* at 7 n.2]. Defendants further argue that discovery should be stayed as to all Parties even though the City cannot invoke the defense of qualified immunity, because any discovery as to the City "would almost certainly require Officer Carns having to assert immunity to participate in the discovery process or risk compromising his litigation positions." [*Id.* at 8]. Defendants also argue the *String Cheese* factors support a stay of discovery. *See* [*id.* at 9–14].

In the Response, Plaintiff objects to a stay of discovery on the basis that "Plaintiff has endure[d] significant medical issues relating to the Officer shooting him" as well as "defending himself to a conclusion of not guilty in the felony trial in the matter and now waiting on the dispositive question of qualified immunity for the Officer[.]" [Doc. 57 at 2]. Plaintiff contends "the other remaining Defendants [ ] can proceed on the separate claims made by Plaintiff"; and "Defendants' cavalier attitudes towards the public" with respect to training on the use of excessive force in situations similar to that alleged by Plaintiff are "well documented [such that] a continued stay of discovery only allows the City more time to hurt more innocent people that [it] is charged to protect." [*Id.*]. Plaintiff also asserts that "Defendants have done everything in their power to stall this matter to resolution." [*Id.* at 3].

***Qualified Immunity***.  As stated above, Defendant Carns invokes qualified immunity in the Carns Motion to Dismiss, and this defense is primarily one of law. Courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit. *See Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that

5

could resolve the case") (citation omitted).  Here, a stay of discovery is appropriate as to the claim against Officer Carns as an individual, as qualified immunity is immunity against suit, not simply liability.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation").

Given the fact that the resolution of the issue of qualified immunity as to Officer Carns could be fully dispositive, this court concludes that it is appropriate to exercise its discretion in favor of not subjecting Defendants to possibly unnecessary discovery or other pretrial proceedings, until the immunity question is resolved.  *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby,* 92 F. App'x 699, 702 (10th Cir.2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

***String Cheese Factors.***  In addition, the application of the *String Cheese* factors to the instant action also warrants a stay of discovery.  *See, e.g.*, *Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *3 (D. Colo. Oct. 8, 2019) (granting motion to stay in light of *String Cheese* factors).  I consider each factor in turn.

Factor One.  As to the first *String Cheese* factor, Defendants do not dispute that, like all plaintiffs, Plaintiff here has an interest in proceeding expeditiously and avoiding unnecessary delay in this case. [Doc. 53 at10].  However, Defendants argue that although the incident at issue occurred in October 2019, they "cannot be held accountable and penalized for Plaintiff's delay in

not filing this action until October of 2021." [Doc. 53 at 10]. In his Response, Mr. Lucio-Vasquez does not dispute that he only recently initiated this action in October 2021. Instead, he argues that "Defendants have done everything in their power to stall this matter to resolution" based on the assertion that "Plaintiff made demands to the City and the Officer in a timely manner and the Defendants were given time to review the many thousands of pages of medical records and summaries to determine if resolution of this matter could occur before filing suit", but Defendants failed to respond to the demand. [Doc. 57 at 3].

The court finds that Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). Mr. Lucio-Vasquez alleges the events in this case occurred in October 2019, *see* [Doc. 44], and with the current case schedule, the case will likely not reach resolution through dispositive motions and/or trial until 2023. However, while Plaintiff has an interest in timely and efficiently pursuing his claims in this matter, the court does not find that— given the other legitimate reasons to stay discovery in this matter set forth herein—this interest is so strong as to outweigh the other factors in this matter. *Cf. Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (where the defendant raised "colorable arguments" that the plaintiff lacked standing to bring its claims, recognizing that the plaintiff had an interest in proceeding expeditiously with the case but "find[ing] that this interest [was] overcome by the burden [the defendant] might face if it were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Thus, the court finds that this factor weighs only slightly against staying discovery.

Factor Two. As to the second *String Cheese* factor, this court finds that the burden on Defendants weighs in favor of a stay. As discussed above, Defendant Carns invokes qualified

7

immunity in the Carns Motion to Dismiss, *see* [Doc. 46]; and Defendants focus on Officer Carns's qualified immunity defense in the instant Motion to Stay. *See* [Doc. 53].

However, the invocation of qualified immunity does not automatically lead to a stay. *See Rome v. Romero*, 225 F.R.D 640, 643 (D. Colo. 2004); *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016). Indeed, although in certain instances courts may grant a stay of discovery based on the invocation of qualified immunity in a motion to dismiss which would act as a complete defense from suit, *see Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020) (granting motion to stay in part because the pending motion to dismiss asserted qualified immunity and, "if granted, could fully dispose of [the action]" and noting that "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case") (citation omitted)), the invocation of qualified immunity here, even if successful, would not dispose of all of Plaintiff's claims because he raises an official capacity claim against Defendant Carns and a *Monell* claim against the City. *See* [Doc. 44]; *see also Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *4 (D. Colo. Feb. 25, 2021) (noting that the defense of qualified immunity "is available to <u>individual</u> defendants named in a § 1983 action" and denying motion to stay where qualified immunity defense would not dispose of entire action) (emphasis added).

Here, however, Defendants also argue that "the grant of Officer Carns' Motion to Dismiss may not only be dispositive of a single individual capacity claim against him but also of the *Monell* claim asserted against the City." *See* [Doc. 53 at 6]. Plaintiff fails to sufficiently respond to any arguments on these issues. *See* [Doc. 57]. As mentioned above, courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." *Clarendon*, 2019 WL 1897845, at *2. While Defendants' qualified

8

immunity argument, even if successful, would not dispose of this entire action, Defendants' arguments as a whole could resolve this matter if successful. Because Defendants' immunity arguments, taken together, could fully dispose of Plaintiff's claims, I find that factor two weighs strongly in favor of a stay. *Cf. Wyers Prod. Grp.*, 2013 WL 2466917, at *2.

Factor Three. As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[ ] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), here Defendant Carns has asserted immunity grounds for dismissal of Plaintiff's claim against him. *See* [Doc. 46]. Given the arguments raised in the pending Carns Motion to Dismiss, which relate to the dismissal arguments in the Aurora Defendants' Motion to Dismiss, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether Plaintiff's action survives dismissal at all—would be known before proceeding through discovery. I find that the third factor weighs in favor of granting the stay.

Factors Four and Five. As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral. *See, e.g.*, *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[T]he general public's primary interest in this case is an efficient and just resolution."). Moreover, while the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011), "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor*

9

*Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020).

In sum, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the Carns Motion to Dismiss. In so finding, the court does not pass on the merits of the pending Motions to Dismiss or the arguments therein. For the reasons set forth above, the Motion to Stay is **GRANTED**. Discovery in this matter is hereby **STAYED** pending the resolution of the Carns Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Stay Discovery [Doc. 53] is **GRANTED**;

(2) Discovery in this matter is hereby **STAYED** pending the resolution of Defendant Carns's Motion to Dismiss [Doc. 46]; and

(3) Within three (3) business days of the disposition of Defendant Carns's Motion to Dismiss [Doc. 46], to the extent any claims against Defendants survive, counsel for Defendants shall **CONTACT** the chambers of the undersigned to schedule a Status Conference to discuss further discovery and scheduling.

DATED: May 27, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge